

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CALEB DEASON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1168-A |
| | § | (NO. 4:13-CR-158-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Caleb Deason ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:13-CR-158-A, styled "United States of America v. Caleb Deason," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On September 4, 2013, movant was named in a two-count indictment charging him in count one with wire fraud, in violation of 18 U.S.C. § 1343, and in count two with money

laundering, in violation of 18 U.S.C. § 1957. CR Doc.[1] 1. The Federal Public Defender was appointed to represent movant, but he later retained counsel to appear on his behalf. CR Docs. 7 & 15. Movant's retained counsel filed a motion for continuance, citing the voluminous records to be reviewed and the need for further independent investigation, including out-of-state interviews and forensic retrieval of electronic files on computer servers of a third party provider. CR Doc. 19. The court granted the motion for continuance. CR Doc. 22. The court had several conferences with counsel regarding pretrial matters. CR Docs. 41, 43, 44. Movant's case was tried to a jury, which convicted him of both counts of the indictment. CR Doc. 71.

Movant's advisory guideline range was 78 to 97 months. CR Doc. 86 at ¶ 85. The court gave notice that, except as accepted by the probation officer, movant's objections to the presentence report were without merit and that a sentence of imprisonment significantly above the top of the advisory guideline imprisonment range would be appropriate. CR Doc. 92. Movant's counsel argued at sentencing that his case was not much different from other fraud cases and that a guideline sentence would be appropriate. CR Doc. 118 at 15-18. Movant was sentenced to a term

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:130CR-158-A.

of imprisonment of 120 months as to each count, to run concurrently. CR Doc. 95. He appealed and his conviction, sentence, and restitution order were affirmed. United States v. Deason, 622 F. App'x 350 (5th Cir. 2015). His motion for rehearing was denied on September 24, 2015.

II.

Grounds of the Motion

Movant urges three grounds in support of his motion, worded as follows:

> GROUND ONE: Deason Was Denied Effective Assistance of Counsel at Sentencing, A Critical Stage.
>
> GROUND TWO: Defense counsel failed to conduct an adequate pre-trial investigation, and the failure was prejudicial to Deason, in violation of Amendment VI to the Constitution.
>
> GROUND THREE: Movant Was Denied Due Process of Law and Effective Assistance of Counsel, through Counsel's Failure to Object that there was no Venue in the Northern District of Texas to the Wire Fraud Charge.

Doc. 1 at 7-8.

III.

Applicable Legal Standards

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S.

152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u> <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 189 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Simply making conclusory allegations

5

of deficient performance and prejudice is not sufficient to meet the <u>Strickland</u> test. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

## Analysis

In each of his grounds, movant complains that his counsel was ineffective. In the first ground, he generally argues that his counsel failed to urge argument against an upward variance and also failed to argue in favor of a downward variance. In his memorandum, he cites a number of cases regarding sentencing, arguing that he should have received a lighter sentence. Movant's unsupported conclusory allegations fail to meet his heavy <u>Strickland</u> burden. In any event, the record reflects that movant's counsel made appropriate objections and arguments on his behalf. That movant received a harsher sentence than he would have liked does not mean that he received ineffective assistance of counsel.

In his second ground, movant alleges that his counsel failed to conduct an adequate pretrial investigation into the wire transmission the subject of the indictment. His contention is that venue was improper in the Northern District of Texas, because the wire at issue never went from, to, or through Texas. His third ground says that he was denied due process through his

counsel's failure to object to lack of venue due to the wire transmission not taking place in Texas. Neither of these grounds has merit. The court is satisfied that movant's counsel thoroughly investigated the wire transfer and made every plausible argument on movant's behalf. The wire transfer was a subject of movant's appeal and, as the appellate court noted, the evidence at trial included a copy of the wire transfer authorizing wiring of funds to movant's account in Fort Worth and a copy of his bank account statement reflecting a wire transfer from HSBC Bank USA to his account. 622 F. App'x at 360. There was never any question that movant received a wire to his Wells Fargo account in Fort Worth. Id. at 354. The evidence at trial overwhelmingly established movant's guilt. And, venue in the Northern District was proper as it is the place where defendant orchestrated the crimes for which he was convicted. United States v. Rogriguez-Moreno, 526 U.S. 275, 279 (1999); United States v. Pace, 314 F.3d 344, 349-50 (9th Cir. 2002). Counsel cannot have been ineffective for failing to raise meritless claims. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 23, 2017.

_____
JOHN McBRIDE
United States District Judge